```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

In Re Enron Corporation        §
Securities, Derivative &       §     MDL-1446
"ERISA" Litigation             §
                               §
_____§
MARK NEWBY, ET AL.,            §
                               §
            Plaintiffs         §
                               §
VS.                            §     CIVIL ACTION NO. H-01-3624
                               §         CONSOLIDATED CASES
ENRON CORPORATION, ET AL.,     §
                               §
            Defendants         §
THE REGENTS OF THE UNIVERSITY  §
OF CALIFORNIA, et al.,         §
Individually and On Behalf of  §
All Others Similarly Situated, §
                               §
                               §
            Plaintiffs,        §
VS.                            §
                               §
KENNETH L. LAY, et al.,        §
                               §
            Defendants.        §
PAUL OKOMO,                    §
                               §
            Plaintiff,         §
                               §
VS.                            §     CIVIL ACTION NO. H-03-3508
                               §
BANC OF AMERICA SECURITIES LLC,§
et al.,                        §
                               §
            Defendants,        §
```

**OPINION AND ORDER**

Pending *inter alia* before the Court in H-03-3508 is Bank Defendants'[1] motion to strike Plaintiff's first amended complaint

---

[1] Bank Defendants are Citigroup Global Markets, Inc. (f/k/a Salomon Smith Barney, Inc.), and Citigroup, Inc. (together, "Citigroup"), J.P. Morgan Securities Inc. ("J.P. Morgan"), Merrill Lynch & Co., Inc. ("Merrill"), Credit Suisse First Boston LLC (n/k/a Credit Suisse Securities (USA) LLC)("CSFB"), and Barclays Capital, Inc. ("Barclays")(collectively, "Bank Defendants").

(*Okomo* inst. #46) and motion to stay time to respond to the first amended complaint[2] and for expedited consideration (instrument #49), joined by Defendant Arthur Andersen LLP (#51).  Given the passage of time, the request for expedited consideration is moot.

Previously, after this Court had certified classes in *Tittle* and *Newby*, Certain Financial Institution Defendants complained to the Court (#4942 in H-01-3624)) that Plaintiff Paul Okomo had failed comply with the Court's July 11, 2006 order (#4848) amending its July 11, 2003 scheduling order and requiring counsel for the remaining *Newby* and *Tittle* consolidated/related/coordinated cases to file by July 19, 2006 "a statement indicating that plaintiffs either (1) will elect whether to proceed under the consolidated amended complaint in *Newby* or *Tittle*, or both if appropriate, and dismiss their initial petitions/complaints or (2) will (i) proceed under their own petitions/complaints, (ii) file an amended complaint (to the extent plaintiffs are entitled to amend as a matter of right under the Federal Rules of Civil Procedure) or (iii) request leave to amend their own pleadings."  The July 11th order further stated, "Plaintiffs electing either to file an amended complaint or to move for leave to file an amended complaint have within 30 days after filing their statements to file such amended complaint or motion for leave to amend," in other words by August 18, 2006. Plaintiff not only failed to file such a statement of intent by July 19, 2006, but then untimely served a statement on Defendants

---

[2] Bank Defendants' motion for stay was granted by the Court in #61.

that failed to meet the requirements of the order.  While the statement served on Defendants indicated that Plaintiff would proceed on his own complaint, it ambiguously stated that he "reserve[d] the right to amend."  Under the schedule in effect, Defendants were required to file an answer or a motion to dismiss within thirty days of Plaintiff's filing of his statement.

In ruling on Certain Financial Institutions' motion to strike Paul Okomo's "Statement to Proceed Independently of Certified Class" (#4942 in H-01-3624, filed August 15, 2006), the Court found that Plaintiff had failed to comply with the Court's July 11th order to choose one of four options.  Because Plaintiff's statement was already untimely, on August 24, 2006 (#4974 in H-01-3624; copy, #34 in H-03-3508) the Court ordered Plaintiff to file within seven days, i.e., by September 1, 2006, a statement that fully complied with the July 11th order and which indicated **clearly** which of the four options Plaintiff intended to follow.  The Court also admonished Plaintiff that failure to comply would result in dismissal of his case.  If Plaintiff indicated that he would proceed on his last filed complaint, Defendants' responsive pleading had to be filed within thirty days of the filing of Plaintiff's statement.  If he was filing an amended complaint as a matter of right, he had to do so by September 1, 2006; Defendants' responsive pleading then had to be filed within thirty days of that date.  If Plaintiff indicated that he would file a motion for leave to amend, the responsive pleading had to be filed within thirty days of the Court's decision on that motion.

The Court observes that on September 1, 2006 Plaintiff's counsel filed "Notice of Errata to Plaintiff Paul Okomo's Statement to Proceed Independently of Certified Class" (#35). Although that Notice claimed that Plaintiff had filed a Statement to Proceed Independently of Certified Class the day before, the Notice represented that the Statement was not accurate and thus Plaintiff was filing a corrected version, attached to the Notice as Ex. A. Despite these assertions, the Court observes that the docket sheet does **not** reflect **any** filing on August 31, 2006, and the Notice filed the next day (#35) has **no attachment**, no less any statement of intent.[3] Because the Bank Defendants do not complain of Plaintiff's failure to file the statement, the Court presumes they were served, perhaps over the website, with a statement that was never filed with the Court and thus is not part of the official record.[4]

In the instant motion to strike, filed on November 16, 2006, Bank Defendants relate that Plaintiff did not file an amended complaint by September 1, 2006, as required if he was entitled as of right to do so. Therefore on October 2, 2006, Bank

---

[3] Indeed Plaintiff never filed his original court-mandated Statement to Proceed Independently of Certified Class. It became part of the record as Ex. A to Certain Financial Institutions' to Strike it, #4942 in H-01-3624, filed on August 15, 2006.

[4] Bank Defendants write, #50 at 3,

> On September 1, 2006, Plaintiff filed his "Statement to Proceed Independently of Certified Class," which indicated that "Plaintiff elects to proceed under his Complaint, dated February 10, 2003, and not under any other consolidated or coordinated complaints." (*Okomo* Instrument #35.)

Defendants filed a motion to dismiss Plaintiff's original complaint (#37).

On November 1, 2006, Plaintiff filed a First Amended Complaint (#46), two months after the Court's deadline of September 1, 2006 for complaints amended as of right, in addition to a response in opposition (#47) to the Bank Defendants' motion to dismiss, in which he argued that he was entitled to amend as of right because no responsive pleading had been filed, and thus Bank Defendants' motion to dismiss was moot, a contention which Bank Defendants oppose. Bank Defendants ask the Court to strike Plaintiff's first amended complaint.

The Bank Defendants point out that the First Amended Complaint omits three of the four causes of action asserted in the original complaint (two California statutory claims[5] and a breach of fiduciary claim), repleads only one claim from the original complaint, i.e., common law fraud, and adds claims against the Bank Defendants for negligence, civil conspiracy, and aiding and abetting.

In requesting the Court to strike the First Amended Complaint, Bank Defendants charge that Plaintiff has failed to comply with Court orders in two ways: (1) he has filed a First Amended Complaint despite his earlier statement that he was not going to amend, but proceed on his original complaint (or, if he argues that his statement of intent left him the option to amend,

---

[5] These two were for (1) violation of § 25400 and § 25500 of the California Corporations Code and (2) violation of § 17200 of the California Business an Professions Code, California's unfair competition statute.

he violated the Court's mandate that he choose **one** of the four options) and (2) he failed to file that First Amended Complaint by the Court's deadline, September 1, 2006.  Bank Defendants insist that the Court has the authority to set deadlines for the filing of amended pleadings under Federal Rule of Civil Procedure 16(b) and should strike the First Amended Complaint because it was filed late.  *Southwestern Bell Tel., L.P. v. Arthur Collins, Inc.*, Civ. A. No. 3:04-CV-0669-B, 2006 WL 2931774 (N.D. Tex. Sept. 27, 2006); *Ridge v. Utiliquest, LLC*, No. Civ. A. SA03CA0733, 2005 WL 545035 (W.D. Tex. March 3, 2005).

Bank Defendants further argue that Plaintiff is not entitled to file an amended complaint as of right after a deadline for the filing of amended pleadings has been established by the Court and it had passed.  Any effort to amend is subject to Rule 16's more restrictive standard, which provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ."  The Fifth Circuit has held that "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.  Only upon the movant's demonstration of good cause will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."  *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).  Moreover, "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *Id., quoting* 6A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1522.2 (2d 3d. 1990).  In determining whether good

cause exists, the court should consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*; *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Bank Defendants assert that Plaintiff has not shown good cause for failing to comply with the Court's orders nor requested modification of schedule set by the Court's August 24th order. His only explanation for missing the September 1, 2006 deadline for amendment is that he was conducting additional investigation and informal discovery, without explaining what he discovered and why he could not incorporate any newly found evidence into an amended pleading by the deadline.[6] *See Southwestern Bell*, 346 F.3d at 546-47 (affirming denial of amendment where discovery had closed and the deadline for amendment had passed, holding that movant "was aware of the [fact] that forms the basis of its proposed amendment months in advance of the deadline and does not offer a satisfactory explanation for its delay in seeking leave to amend."); *S&W Enters.*, 315 F.3d at 536 (finding that where the facts were known to plaintiff before amendment, plaintiff failed to exercise diligence in seeking to amend); *MGM Well Servs., Inc. v. Mega Lift Sys., LLC,* Civ. A. No. H-05-1634, 2006 WL 1852322 (S.D. Tex. June 30, 2006)(denying amendment where movant "offers no explanation specifically addressing its failure to move for leave to amend in timely

---

[6] Fact discovery in the *Newby* coordinated and consolidated cases ended November 30, 2005.

fashion, and its conclusory statements regarding recent discovery of information are inadequate and unsupported by the record"). Moreover, Bank Defendants accuse Plaintiff of copying his new factual allegations and causes of action almost word-for-word from the proposed amended complaints in a series of other coordinated/consolidated cases in which plaintiffs sought leave to amend on August 17, 2006." #50 at 13.

Furthermore, Bank Defendants maintain that they would be prejudiced by the untimely amendment. Have gone to considerable expense to prepare their motion to dismiss the original complaint,[7] the amended complaint would require them to file a new motion, adding to the time and expense and further delaying resolution of the matter. The Court tried to avoid such waste by providing defendants in the coordinated/consolidated actions with an opportunity to file dispositive motions only after establishing which complaint was operative. *Southwestern Bell*, 346 F.3d at 547; *MGM Well Services*, 206 WL 1852322, at *2(finding that delay and time and expense of new motion to dismiss established prejudice); *Baylor*, 2005 WL 2124126, at *9 (denying amendment because of prejudice).

Finally, urge Bank Defendants, Plaintiff has not shown that the new allegations are not likely to fail on the merits. Asserting common law fraud, negligence, civil conspiracy and aiding and abetting against Bank Defendants, Plaintiff has not

---

[7] Bank Defendants cite *Baylor Univ. Med. Ctr. v. Epoch Group, L.C.*, No Civ. a. 303CV2392G, 2005 WL 2124126 (N.D. Tex. Sept. 1, 2005), in which the court denied amendment when the party sought to amend only after and as a result of third-party defendant's motion to dismiss.

alleged that they owed any duties to Plaintiff for the negligence cause of action nor pled his fraud claims with particularity as required by Rule 9(b).

For all these reasons, urge Bank Defendants, the Court should also grant their pending motion to dismiss (#37). Plaintiff has not responded to any of the substantive arguments in it, but only asserted that it is moot because of the First Amended Complaint; indeed by dropping three of the four causes of action in the original complaint, Plaintiff has conceded the Bank Defendants' motion to dismiss is meritorious, according to Bank Defendants. As to the common law fraud claim, Plaintiff has not adequately pled that Bank Defendants made any misrepresentations. Nor has he alleged adequately that they aided or abetted any alleged fraud.

Plaintiff contends that Bank Defendants misinterpret the law relating to amendment of pleadings and his right under Federal Rule of Civil Procedure 15(a)[8] to amend his original complaint

---

[8] Rule 15(a) provides,

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

once as a matter of course prior to the filing of a responsive pleading. A motion to dismiss is not a "responsive pleading." *Zaidi v. Ehrlich*, 732 F.2d 1218, 1219-1220 (5th Cir. 1984); *McKinney v. Irving Independent School Dist.*, 309 F.3d 308, 315 (5th Cir. 2002)("Because a Rule 12(b)(6) motion to dismiss is not a 'responsive pleading,' the filing of such a motion does not extinguish a party's right to amend as a matter of course."), *cert. denied*, 537 U.S. 1194 (2003).[9] Plaintiff insists he made no representations in his statement that he was giving up his right to amend. He argues that the Bank Defendants' authority relates only to requesting leave to amend after a responsive pleading was filed. Furthermore, Plaintiff asserts the argument that "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired"[10] applies only after a responsive pleading has been served and where plaintiff must therefore request leave of court to amend. Plaintiff further insists that because Defendants have not served a responsive pleading, he is not required to establish "good cause" before amending his complaint as a matter of right under Rule 15(a). He asks the Court to deny the motion to strike, rule that the motion to dismiss is moot, and order Defendants to respond to the First Amended Complaint. Should the Court grant the motion to strike, Plaintiff asks leave

---

[9] Bank Defendant distinguish these cases from the instant action because in neither *Zaidi* nor *McKinney* had the court entered a scheduling order and the deadline for amendment had expired.

[10] *See S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). *See also Steinberg v. Brennan*, 2005 WL 1837961 (N.D. Tex. July 29, 2005).

to file "an amended, substantive Opposition" to the motion to dismiss.  #57 at 10.

In a reply (#61), Bank Defendants reiterate that the August order made clear that Plaintiff could not simultaneously elect to proceed on his original complaint and reserve his right to amend as of right; he could not have it both ways.  It also made clear that if he chose to amend as of right, the amended complaint had to be filed by September 1, 2006.  It was not.  Moreover he also ignored the Court's warning, "The Court admonishes Plaintiff that failure to comply will result in dismissal of this case."  At the very least, they urge, the Court should strike the First Amended Complaint for failure to file it timely and for failure to establish good cause for modifying the Court's deadline.  They repeat their arguments, citing the same authority and other cases from outside the Fifth Circuit, for the rule in this circuit that once a schedule has been entered and a deadline for amendment expires, Rule 16(b) governs amendment of pleadings.  3 James Wm. Moore, et al., *Moore's Federal Practice* §16.13[1][a] (3d ed/ 1997)("Once a district court files a pretrial scheduling order, which establishes a time table for amending pleadings, Rule 16's standards control.  In such a setting, the need to support effective case management trumps general pleading rules.").

After reviewing the issues raised here, the Court fully concurs with Bank Defendants that Plaintiff has disregarded Court orders, not to mention rules regarding the filing of instruments, and has failed to meet its mandates and to file timely pleadings.

It also agrees with Defendants that Rule 16(b) governs here because a scheduling order was entered with a deadline for amending pleadings that expired, even with an extension by the Court for Plaintiff, long before he filed his amended complaint. The Court also finds that Plaintiff has failed to show good cause for his tardiness.  Accordingly, the Court

ORDERS that Bank Defendants' motion to strike (#49) is GRANTED.  Because dismissal is an extremely harsh penalty, and because the Court finds that Defendants will not be prejudiced by having their motion to dismiss the now controlling original complaint reviewed on the merits, the Court

ORDERS that Plaintiff shall file in this action, and not merely serve by website, a response to Bank Defendant's motion to dismiss within twenty days of receipt of this order.  This time, a failure to comply with the Court's order will result in dismissal of this case with prejudice.

**SIGNED** at Houston, Texas, this <u>23rd</u> day of January, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE